IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA M. HAMPTON, | ) | CASE NO. 8:09CV142 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| COUNTRYWIDE HOME LOANS, and | ) | |
| RECONTRUST COMPANY, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion to Dismiss (Filing No. 14), filed pursuant to Fed. R. Civ. Pro. 12(b)(6). Upon review of the record and applicable law, the Court finds that the Defendants' Motion should be granted. The Plaintiff's claims, therefore, will be dismissed with prejudice.

## BACKGROUND

The Plaintiff, Lisa M. Hampton ("Hampton"), first filed her Complaint in state court, raising a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (Compl., Filing No. 1.) Hampton sought injunctive relief, requesting that the Court prevent the Defendants' planned foreclosure and resale of her residence.[1] On April 21, 2009, the Defendants removed Hampton's Complaint to the U.S. District Court, because her claims under FDCPA gave this Court original subject matter jurisdiction. (*See* Filing No. 1.)

---

[1] Hampton's Complaint also mentioned the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640, *et seq*. However, the Complaint did not set forth any claims or causes of action under TILA. Instead, the Complaint was limited to a request for injunctive relief and the aforementioned claim for violations of FDCPA. As such, the Court will not discuss whether any claim under TILA survives the Defendants' Motion to Dismiss, as none is validly stated.

This dispute arises out of a mortgage loan on which Hampton has defaulted in payments. Defendant Countrywide Home Loans ("Countrywide") services the mortgage loan. (Compl. ¶ 3.) Because Hampton defaulted on the loan, Countrywide initiated foreclosure on her residence through Defendant ReconTrust Company, N.A. ("ReconTrust"), a company associated with Countrywide that acts as a foreclosure trustee.[2] (Compl. ¶ 4.) Hampton claims that ReconTrust violated FDCPA § 1692f when it used "unfair and unconscionable means" to collect the debt due on the mortgage loan. (Compl. ¶ 33.) Hampton similarly alleges that ReconTrust violated FDCPA § 1692e(2) by "misrepresenting the character, amount, and legal status" of her debt. (Compl. ¶ 34.) She also asserts that ReconTrust's threats to foreclose on her home violated other sections of the FDCPA because ReconTrust had no legal right to foreclose on her property. (Compl. ¶ 35.)

On May 4, 2009, Hampton filed a motion asking for a temporary restraining order to prevent the Defendants' foreclosure and resale of her residence set for May 5, 2009. (Filing No. 10.) On May 4, 2009, following an evidentiary hearing on the matter, the Court entered an order denying Hampton's request for temporary injunctive relief because she could not show a reasonable probability of success on the merits. (Filing No. 13.) Consequently, the foreclosure sale did not take place on May 5, 2009, and is now being re-scheduled.

On May 28, 2009, the Defendants filed the instant Motion to Dismiss. (Filing No. 14.) In their Motion, they assert that Hampton failed to state a claim upon which relief can be

---

[2] Bank of America, the Bank that originally disbursed the loan to Hampton, owns both Countrywide and ReconTrust. (*See* Filing Nos. 8 and 9.)

2

granted under the FDCPA because neither Defendant qualifies as a "debt collector" under the Act. The Defendants therefore argue that Hampton's claim for injunctive relief must fail because she has stated no legal grounds on which the Court may prevent the lawful foreclosure and resale of her residence.

Hampton has not responded to the Motion to Dismiss.

## STANDARD OF REVIEW

### 1.  Rule 12(b)(6) Motion

Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citations omitted). "The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555-56).

When ruling on a Defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. The complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" to substantiate the necessary elements of the plaintiff's claim. *Id*. at 556.

## DISCUSSION

### 1.   Hampton's Claims under FDCPA

In their Motion to Dismiss, Defendants suggest that Hampton's claims under FDCPA fail as a matter of law because neither Defendant qualifies as a "debt collector" under the Act.  Upon review of the applicable law, the Court concurs and concludes that Hampton's FDCPA claims should be dismissed with prejudice.

"The FDCPA imposes civil liability only on debt collectors, as they are defined by the statute."  *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 950 (8th Cir. 2006) (citing 15 U.S.C. § 1692k).  Specifically, "[a] debt collector is 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Id.* (quoting § 1692a(6)).  Thus, the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F).

The Defendants are not debt collectors.  Instead, the Defendants are more properly classified as creditors.  The Act defines the term "creditor" to mean:

> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

4

*Id.* § 1692a(4). The Fifth Circuit Court of Appeals has considered this distinction and has recognized that "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (citing S. Rep. No. 95-382 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698; s*ee also Kizer v. Fin. Am. Credit Corp.*, 454 F. Supp. 937, 939 (N.D. Miss.1978)).

Consequently, as the mortgage servicing company, Countrywide qualifies not as a "debt collector," but as a "creditor" under the Act. *Accord, Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) ("Mortgage companies collecting debts are not 'debt collectors.'" (citing *Perry*, 756 F.2d at 1208)). Because ReconTrust is an assignee of the debt, and because Hampton "was not in default at the time [her debt] was obtained by [ReconTrust,]" ReconTrust does not qualify as a "debt collector" under the Act. 15 U.S.C. § 1692a(6)(F)(iii); *accord, Volden*, 440 F.3d at 951 ("Section 1692a(6)(F)(iii) excludes from the definition of 'debt collector' any person attempting to collect a debt 'which was not in default at the time it was obtained by such person.'").

This "distinction between creditors and debt collectors is fundamental to FDCPA [because the Act] does not regulate creditors' activities at all." *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (citing *Randolph v. I.M.B.S., Inc.*, 368 F.3d 726, 729. (7th Cir. 2004)). Because "[t]he FDCPA imposes civil liability only on debt collectors," *Volden*, 440 F.3d at 950, Hampton's claims against both Defendants under FDCPA fail as a matter of

law, and the Court will grant the Defendants' 12(b)(6) Motion and dismisses Hampton's claims against both Defendants under the FDCPA, with prejudice.

### 2. Hampton's Request for Injunctive Relief

In their Motion to Dismiss, the Defendants also suggest that Hampton's request for injunctive relief should be dismissed because her claims under FDCPA fail as a matter of law, and she has provided no other legal grounds upon which this Court could grant the injunctive relief. The Court concurs, and will dismiss the request for injunctive relief, with prejudice.

On May 4, 2009, this Court entered an order denying Hampton's request for a temporary injunction to prevent the Defendants' planned foreclosure and resale of her residence. (Filing No. 13.) At that time, the Court concluded that Hampton had not met her burden of establishing the requisite "probability of success on the merits" to justify the Court's issuance of a temporary restraining order. *See Dataphase Sys., Inc. V. C.L. Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981).

It is now clear that Hampton has *no* probability of success on the merits of her claims, as the Court is dismissing her claims, with prejudice. Because her claims against both Defendants under FDCPA fail as a matter of law, and Hampton has provided the Court with no other legal basis for her claims against the Defendants, the Court has no legal authority to issue an order preventing the Defendants' planned foreclosure and resale of Hampton's residence.

Accordingly, Hampton's request for injunctive relief will be denied, with prejudice.

## CONCLUSION

For the aforementioned reasons, the Court grants the Defendants' Motion to Dismiss. Hampton's claims against the Defendants will be dismissed in their entirety, with prejudice.

IT IS ORDERED:

1. The Motion to Dismiss (Filing No. 14) filed by Defendants Countrywide Home Loans and ReconTrust Company, NA, is granted;

2. The Plaintiff Lisa M. Hampton's claims against the Defendants are dismissed in their entirety, with prejudice; and

3. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 24th day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge